IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-12324 MER |
| EDWARD ALOYSIUS MEAGHER, III ) | |
| LINDA JENNERS MEAGHER ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| LINDA ADAMS and JOHN ADAMS, ) | Adversary No. 11-1014 MER |
| individually, and derivatively on behalf of ) | |
| THE WOODSTONE CONSULTING CO., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| EDWARD ALOYSIUS MEAGHER, III, and ) | |
| LINDA JENNERS MEAGHER ) | |
| ) | Signed/Docketed |
| Defendants. ) | June 3, 2011 |

## ORDER

THIS MATTER comes before the Court on the Motion to Dismiss Complaint for Failure to State a Claim (the "Motion") filed by Defendants Edward and Linda Meagher, and the Plaintiffs' Response thereto.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it involves the dischargeability of a debt.

## BACKGROUND FACTS

Defendants Edward and Linda Meagher (the "Meaghers") filed their voluntary Chapter 7 petition on February 9, 2010. Prepetition, they operated a business called Woodstone Consulting Company ("Woodstone"). Plaintiffs John and Linda Adams (the "Adams") filed their Complaint

in this adversary proceeding on January 7, 2011, alleging the Meaghers' debt to them is nondischargeable under 11 U.S.C. § 523(a)(4).[1]

The Complaint states the Adams entered into a stock purchase agreement with the Meaghers in January 2006, pursuant to which they purchased a 25% interest in Woodstone for $400,000 in cash and a promissory note of $225,000. The Adams also allege they loaned Woodstone $100,000. According to the Complaint, after the purchase, the Meaghers provided them with "minimal and erroneous financial information regarding Woodstone's financial affairs." In February2008, the Meaghers revealed to the Adams that Woodstone was in financial trouble and could not meet payroll. The Complaint asserts Woodstone's financial troubles stemmed from the Meaghers' diversion of Woodstone's assets for their own benefit. The Complaint goes on to allege in April 2008, the Adams filed a suit against Woodstone and the Meaghers in Routt County District Court, alleging breach of contract, violation of the Colorado Wage Act, breach of fiduciary duty, civil theft, and breach of shareholder agreement. The parties participated in mediation, and entered into a settlement agreement in September, 2008. Under the settlement agreement, the Meaghers confessed judgment in the amount of $539,300 less any amounts paid, and agreed to make payments to the Adams. The Complaint notes the Meaghers filed their Chapter 7 case in February, 2010, and, in December, 2010, the Adams paid $325,000 to Wells Fargo Bank to discharge Woodstone's obligations on a letter of credit, a term loan, and the Adams' and the Meaghers' personal guaranties.

In the Complaint, the Adams contend the Meaghers breached the settlement agreement and owe them $325,000. The Adams claim this debt is nondischargeable because it arises out of a prepetition settlement of a fraud claim, and so may be pursued in the bankruptcy court.[2] The Complaint contains the following three claims for relief: 1) against the Meaghers by the Adams individually under § 523(a)(4); 2) against the Meaghers by the Adams derivatively on behalf of Woodstone under §523(a)(4); and 3) against the Meaghers by the Adams derivatively on behalf of Woodstone, alleging the Debtors committed civil theft under COLO. REV. STAT. § 18-4-405.

## MOTION TO DISMISS AND RESPONSE

In their Motion, the Meaghers argue the Adams have failed to state a claim under § 523(a)(4) because they have not alleged or shown the existence of the sort of express or technical trust required for recovery under that section, because no express or technical trust can arise out of the relationship of an officer and director of a company to a shareholder in that company.[3] Thus, they assert the Adams cannot show the relationship between them and the

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2] In support of this proposition, the Adams cite *Archer v. Warner*, 538 U.S. 314 (2003).

[3] See *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996); *Horejs v. Steele (In re Steele)*, 292 B.R. 422 (Bankr. D. Colo. 2003).

Debtors gave rise to a technical trust under state or federal statute.[4] In addition, the Meaghers' Motion points out the Colorado Court of Appeals has held a corporation's stockholder cannot maintain an action against a director whose actions damaged the corporation.[5] They state any such action must be brought as a derivative action. Lastly, the Debtors contend to the extent the Complaint constitutes a derivative action, it should have been verified under FED. R. CIV. P. 23.1.

The Adams' Response to the Motion to Dismiss again refers to the Supreme Court's *Archer* case and asserts the Adams have standing to bring the action because it is based on a settlement agreement in a fraud action.[6] They further argue the facts of the case support a finding of embezzlement or larceny under § 523(a)(4). The Adams do not believe they should have to verify the Complaint because it is a dischargeability complaint, not a state law complaint, and they assert they verified their state court complaint. To the extent the Court disagrees, they seek leave to file a verification.

## DISCUSSION

A motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint assuming all the factual allegations in the complaint are true.[7] In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face.[8] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative

---

[4] *See*, *e.g.*, *In re Romero*, 535 F.2d 618, 622 (10th Cir. 1976) (general contractor held under New Mexico statutes to act in a fiduciary capacity with regard to funds advanced by the owner for payment of subcontractors and suppliers); *Beebe v. Schwenn (In re Schwenn)*, 126 B.R. 351, 353 (D. Colo. 1991) (Uniform Partnership Act does not create a technical trust).

[5] *Nicholson v. Ash*, 800 P.2d 1354 (Colo. App. 1990).

[6] *Archer v Warner,* 538 U.S. 314, 323 (2003).

[7] *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief.").

[9] *Id.* at 555.

level."[10] That is, the complaint must be plausible.[11] The court must accept the facts alleged in the complaint as true, even if they are doubtful,[12] and it must make all reasonable inferences in favor of the plaintiff.[13]

Applying these standards to the instant case, the Court finds the Complaint as it now stands requires amendment and clarification. The Court also finds the needed amendments do not warrant dismissal of the case.

Specifically, although the Meaghers' Motion asserts any recovery won by the Adams would be property of Woodstone and Woodstone's creditors, it is not clear what the Complaint alleges on this point. The Adams must clarify their allegations as to which party or parties are entitled to recovery on which claims for relief.

Further, the Adams' Response discusses standing under the *Archer* criteria,[14] but it does not appear the Debtors' Motion raises this issue. If a dispute exists as to standing under *Archer*, it should be clarified by the parties in subsequent pleadings. The Adams' Response also argues they have standing to bring an action against the Debtors as individuals, and raises a piercing the corporate veil argument which does not appear in the Complaint. They do not address the question of whether they are shareholders or otherwise have standing to bring a derivative action on behalf of Woodstone. However, the actual standing argument raised by the Meaghers' Motion states the terms of the parties' settlement agreement required the Adams to surrender their shares in Woodstone, so they are not shareholders and have no standing to bring a derivative action. As the Complaint now stands, because the actual settlement agreement has not been filed, it is not possible to tell the nature of the stock provision. Therefore, an amended Complaint should provide additional allegations and clarification of this issue.

In addition, the Meaghers' Motion indicates the Complaint has not stated individual claims by the Adams against the Meaghers because they have not set forth allegations supporting an express or technical trust. However, with respect to the existence of a trust for purposes of § 523(a)(4), both Judge Kane and Judge Babcock of the United States District Court for the District of Colorado have held Colorado common law can create a technical trust relationship, such as when an officer or director of a corporation becomes a "technical trust" fiduciary to the

---

[10] *Id.* at 555-56. See also *Official Committee of Unsecured Creditors v. Blomen, et al. (In re Hydrogen, LLC)*, 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[12] *Id.* at 555-556.

[13] *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[14] On page 5 of their Response, the Adams reiterate their argument they have standing because the settlement agreement arose from fraud litigation.

corporation's creditors when the corporation becomes insolvent,[15] or when partners or joint venturers owe each other a "technical trust" fiduciary duty, although none is imposed by the partnership statute.[16] The Complaint is not clear as to what the Plaintiffs are asserting regarding the existence of a trust, and it must be amended to address this issue.

Moreover, although the Adams' Response contends embezzlement and larceny can be shown under § 523(a)(4), the Complaint itself contains no mention of embezzlement or larceny, but only talks about fiduciary fraud. If the Adams want to assert embezzlement or larceny as grounds for nondischargeability under § 523(a)(4), they must amend their Complaint.

Lastly, the Court finds to the extent the Complaint is a derivative action, it must be verified, and an amended Complaint should correct this error. FED. R. BANKR. P. 7023.1 states FED. R. CIV. P. 23.1 applies in bankruptcy adversary proceedings, and that Rule, addressing derivative actions, does indeed indicate the Complaint must be verified.[17]

## CONCLUSION

For the reasons stated above,

IT IS ORDERED the Motion to Dismiss is denied without prejudice.

IT IS FURTHER ORDERED the Plaintiffs shall file, on or before June 27, 2011, an amended Complaint which addresses the concerns set forth in this Order.

DATED: June 3, 2011

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge

---

[15] *Berres v. Bruning (In re Bruning)*, 143 B.R. 253, 256 (D. Colo. 1992).

[16] *Schwenn*, *supra*, at 353.

[17] FED. R. CIV. P. 23.1(b).